375 So.2d 99 (1979)
STATE of Louisiana
v.
William C. HUNTER.
No. 64047.
Supreme Court of Louisiana.
September 4, 1979.
Rehearing Denied October 8, 1979.
*100 Frank E. Beeson, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, William C. Hunter, pleaded guilty to possession of cocaine, La.R.S. 40:967(C), and reserved the right to take this appeal from the district court's denial *101 of his motion to suppress. State v. Crosby, 338 So.2d 584 (La. 1976).
Two New Orleans Police officers on motor patrol in a residential neighborhood at approximately 11:30 p. m. saw the defendant with a set of keys about to open the trunk of an unmarked car bearing a police license plate and radio antennae.[1] Because the officers did not recognize the defendant as an undercover police officer, they stopped, approached the defendant, and asked him whether he was in fact a policeman. When the defendant replied "no" and nervously patted the upper breast pocket of his coat, the officers decided to frisk the defendant for weapons. The pat-down began at the suspect's waist and went upward to the area over his coat pocket where the officer felt a small vial and a miniature spoon through the garment. The officer testified that he immediately perceived by his sense of touch that the vial and spoon were of the kind that, in his experience, were employed only in connection with the use of cocaine.[2] At this point the officer informed the defendant that he was under arrest for possession of cocaine. A subsequent seizure and search of the vial did indeed yield cocaine.
Several questions arise in analyzing the merits of the defendant's motion to suppress: (1) Was the original investigatory stop lawful? (2) If so, did the circumstances also justify a search for weapons? (3) Finally, upon feeling the vial and spoon in the defendant's pocket, did the officer have probable cause to arrest the defendant?

The Investigatory Stop
Before a police officer may make an investigatory stop he must reasonably suspect that the subject has committed or is about to commit a criminal offense. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Davis, 359 So.2d 986 (La.1978); State v. Saia, 302 So.2d 869 (La.1974). Reasonable cause to suspect a detainee of criminal activity must be determined under the facts of each case by whether the officers had sufficient knowledge of particular circumstances to permit them to infringe upon the individual's right to be left alone free of governmental interference with his liberty. State v. Wilson, 366 So.2d 1326 (La.1978); State v. Cook, 332 So.2d 760 (La.1976).
In the present case it is undisputed that the police officers came upon the defendant, whom they did not recognize as a police officer, apparently trying to gain access to the trunk of what the officers had reason to believe was an unmarked police vehicle. We do not believe that the police officers acted unreasonably in making an investigatory stop of the defendant to determine whether he had been authorized to enter or take possession of the vehicle.

The Frisk for Weapons
While it is true that an officer is never justified in conducting a pat-down for weapons unless the original detention itself was justified, a lawful detention for questioning does not necessarily give the officer the authority to conduct a pat-down for weapons. Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a "reasonably prudent man . . . would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. Further, the officer's belief is not reasonable unless the officer is "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U.S. at 64, 88 S.Ct. at 1903, 20 L.Ed.2d at 935. It is not necessary that the investigating officer establish that *102 it was more probable than not that the detained individual was armed and dangerous; it is sufficient that he establish a "substantial possibility" of danger. See Comment, Terry Revisited: Critical Update on Recent Stop-and-Frisk Developments, 1977 Wis.L.Rev. 877, 896.
The officers in the instant case were unable to point to any particular facts from which it could be reasonably inferred that the defendant was armed and dangerous. The two armed and experienced New Orleans police officers encountered the defendant alone at the rear of an automobile parked in a residential area. One of the officers immediately positioned himself to the side of the defendant as the other officer questioned the suspect. Although there was reason to suspect the defendant of illegally entering the automobile trunk, there was no indication that he was or had been involved in the commission of a violent crime. There were no bulges in the defendant's clothing or other signs that he was armed, and he made no movement which could reasonably have been interpreted as intended to produce a weapon. While the defendant displayed nervousness and patted the breast pocket of his coat, the officer who made the weapons search did not indicate that this action precipitated the frisk. The officer gave his reasons for the frisk as follows:
"[T]he first thing I stated was, `Are you a policeman?' And Mr. Hunter replied, `No' in a shaky voice and he appeared to be quite nervous. And at the time I asked him if he was a police officer, he placed his right hand toward his left chest several times. Before questioning him any further I decided to frisk Mr. Hunter for any weapons for the possibility he had any weapons and I patted his waist first, and then I went into the area of . . . I patted him on the chest, and when I hit his coat pocket, his left coat pocket, I felt a vial, a small vial, a symmetrical object, in his pocket, and also, a spoon. * * *"
When asked specifically if he suspected the defendant of having weapons, the officer merely stated: "I felt he might have a weapon. He was by a police car, and I asked him if he was a police officer. And he replied, `No'."

Probable Cause to Arrest
The weapons search was unlawful because, under the particular facts of the instant case, a reasonably prudent man would not have been warranted in the belief that the defendant was armed and dangerous. Since the unlawful weapons search led directly and immediately to the seizure of the vial and spoon, this evidence must be suppressed regardless of whether the officer acquired probable cause to arrest the defendant for possession of cocaine upon feeling the objects through his outer garments. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). However, even though we do not reach the probable cause issue, it should be noted that the legality of the arrest would be questionable, even if it had been preceded by a lawful weapons search.
Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Greenwald, 369 So.2d 1317 (La.1979); State v. Thomas, 349 So.2d 270 (La.1977). When the police do not know for certain that a crime has been committed, then more and better evidence is needed to establish probable cause. See State v. Johnson, 363 So.2d 684 (La.1979).
We have considerable doubt that the investigating officer in this case was able to determine, during the course of a properly limited Terry frisk for weapons, that the objects in the defendant's coat pocket could be nothing other than a vial and a spoon typically associated with the use of cocaine. Moreover, even if such a determination were possible, we are not convinced that this fact, without any corroboration whatsoever, would give the officer probable cause to believe that the vial *103 did in fact contain cocaine at the time of the arrest.
For the reasons assigned, the defendant's conviction and sentence are reversed, and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.
SUMMERS, C. J., and BLANCHE, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Under the circumstances here presented, I consider that the police officers had a right to stop and frisk defendant. During the frisk, the officer felt a small vial and a miniature spoon through defendant's garment. The officer testified that he immediately perceived by his sense of touch that the vial and spoon were of the kind that, in his experience, were employed only in connection with the use of cocaine. At this point, the officer informed defendant that he was under arrest for possession of cocaine. In my view, the officer had probable cause to make the arrest at this point in time. Hence, the subsequent search and seizure were incident to a lawful arrest. Accordingly, I respectfully dissent.
NOTES
[1] It was subsequently determined that the defendant, a municipal employee, had valid custody of the vehicle, which was at one time used by the police department for undercover operations.
[2] The vial and spoon themselves were not introduced into evidence during the hearing.