389 So.2d 377 (1980)
STATE of Louisiana
v.
Marc Robert SNODDY.
No. 67200.
Supreme Court of Louisiana.
October 6, 1980.
*378 Paul J. DeMahy, St. Martinville, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.
Marc Robert Snoddy was charged by bill of information with the carrying of a concealed weapon on his person in violation of La.R.S. 14:95. After a bench trial, defendant was found guilty as charged and sentenced to pay a fine of one hundred dollars plus costs and in default of payment to serve ninety-one days in the parish jail. Execution of the imprisonment portion of the sentence was suspended and defendant was placed on active probation for one year. Defendant's application to this court under our supervisory jurisdiction was granted.[1] He argues three assignments of error. Finding merit in one of the assigned errors, we need not consider the remaining two.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to suppress a handgun seized from his person by a police officer. He argues that the officer had no reasonable cause to stop and frisk him; therefore, the evidence was inadmissible as "fruit of the poisonous tree."
At the commencement of trial, defendant's previously filed motion to suppress was referred to the merits.
*379 On March 19, 1979, two sheriff deputies drove to defendant's residence to attempt to execute a bench warrant for the arrest of defendant's brother, Dale Snoddy.[2] Defendant lived in a secluded rural, heavily wooded area with no street lighting. According to Sergeant Maranto, he observed defendant at the gate area of his driveway holding a shotgun. As the patrol car turned into the driveway, he placed the shotgun on the fence post. The officer stated that he had not been to defendant's residence before and, although he did not know who defendant was, he knew that defendant was not, in fact, Dale Snoddy for whom the warrant had been issued. The deputies then ordered defendant to raise his hands and approach the car. Defendant was then frisked and an automatic handgun was found in his right front pants pocket underneath his untucked shirt.
Defendant testified that he had been visited several times during the preceding four days by various deputy sheriffs and bail bondsmen looking for his brother and that he had repeatedly informed them that his brother had moved out of his house three weeks earlier and was allegedly residing with his girlfriend. On the night in question, defendant had been awakened by his girlfriend, Cindy Mullens, who had been watching television in the den of his house when she heard footsteps outside. Defendant placed a pistol in his right front pants pocket, grabbed his shotgun, and went outside to investigate. Defendant stated that he was standing inside his fenced property holding the shotgun when the unmarked police car approached and the previously related events occurred.
In determining the validity of the seizure of the gun as a result of the frisk, there are two actions of the officers that must be examined: the initial detention of the defendant and the subsequent frisk. If either action is not justified, the evidence obtained is inadmissible. State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, U.S. ___, 100 S.Ct. 2930, 65 L.Ed.2d 816 (1980).
The fourth amendment to the federal constitution protects people against "unreasonable searches and seizures." Measured by this standard, La.Code Crim.P. art. 215.1, as well as our federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jernigan, supra; State v. Chopin, 372 So.2d 1222 (La.1979). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from government interference. State v. Jernigan, supra; State v. Chopin, supra; State v. Taylor, 363 So.2d 699 (La.1978); State v. Drew, 360 So.2d 500 (La.1978); State v. Dixon, 337 So.2d 1165 (La.1976). The United States Supreme Court has recognized that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, supra. As the Supreme Court stated in Brown, "we have required the officers to have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity," citing Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), and United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Once a lawful detention is made, a police officer is justified in frisking the suspect for weapons under circumstances when he reasonably suspects that he is in danger of life or limb. La. Code Crim.P. art. 215.1(B); Adams v. Williams, *380 supra; Terry v. Ohio, supra; State v. Jernigan, supra; State v. Hunter, 375 So.2d 99 (La.1979).
In the instant case, Sergeant Maranto testified that he had received no reports of criminal activity in the area. The acts of defendant patrolling his property at night with a shotgun in a secluded area certainly did not constitute criminal activity. Moreover, as the patrol car approached defendant, he immediately put his shotgun down. Defendant's behavior from the time the deputies first spotted him until he was frisked was non-assaultive or criminal. He willingly complied with the order to raise his hands and approach the patrol car to be searched. While not knowing who defendant was, Sergeant Maranto knew that defendant was not Dale Snoddy, the subject of the bench warrant. Moreover, the officers had no reason to believe that defendant was illegally carrying a concealed weapon. We reject the state's argument that under the facts of this case it was reasonable to conclude that defendant was illegally carrying a concealed weapon on his person because of his possession of a shotgun, particularly in view of the fact that at the time of the stop defendant had already set aside the shotgun. Finally, the deputies did not see the bulge in defendant's pants pocket until he had lifted his hands above his head and placed them on the patrol car to be frisked.
Accordingly, we conclude that none of the circumstances preceding the officers' detention of defendant justified a reasonable suspicion that he was involved in criminal activity. Hence, the evidence obtained as a result of the unlawful detention is inadmissible. Since, the detention of defendant was unjustified, we need not consider the reasonableness of the subsequent frisk. The trial judge erred in denying defendant's motion to suppress.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
DIXON, C. J., specially concurring.
LEMMON, J., concurs and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
LEMMON, Justice, concurring.
When the police officers entered defendant's property for the purpose of executing a bench warrant for the arrest of defendant's brother, who had fled from a criminal trial, and were confronted at the entrance to the property by defendant carrying a shotgun, they were justified for the purpose of self-protection in frisking defendant for weapons, even though defendant had put down the gun when they identified themselves. In my opinion the pistol was not found as the result of an unreasonable search.[1]
Nevertheless, I agree with the reversal of the conviction of illegal carrying of weapons. When defendant was awakened by the sound of intruders on his secluded rural property late at night, he was justified in placing a pistol in his pocket and a shotgun in his hands for the purpose of investigating the intrusion. R.S. 14:95 (if applicable at all on one's private property) was not designed to prevent such conduct, and defendant was not guilty of a violation of that statute.
I concur in the result.
BLANCHE, Justice (dissenting).
I am of the opinion that there was reasonable cause to search the defendant. Considering the past difficulties in attempting to serve a subpoena at the residence involved, observing the defendant carrying a shotgun during the night time, which may
*381 or may not be innocent conduct considering our game laws prohibiting hunting at night, I am of the opinion that the officers had every reason to search the defendant for their own safety. It does not follow, as the opinion suggests, that it was unreasonable to conclude that defendant might be carrying a concealed weapon on his person inasmuch as he had already set the shotgun aside.
I respectfully dissent.
NOTES
[1] 383 So.2d 1256 (La. 1980).
[2] Only one of the two deputies, Sergeant Paul Frank Maranto, Jr., testified at trial.
[1] Certainly the police officers would not have been liable for civil damages because of the search.