391 So.2d 1152 (1980)
STATE of Louisiana
v.
Ronald E. LANTER.
No. 67681.
Supreme Court of Louisiana.
December 15, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, J. K. McNary, Asst. Dist. Attys., for plaintiff-appellee.
Glenn L. Morgan, New Orleans, for defendant-appellant.
*1153 MARCUS, Justice.
Ronald E. Lanter was charged by bill of information with the willful possession of Dextropropoxyphene in violation of La.R.S. 40:969(C). After a bench trial, defendant was found guilty as charged and sentenced to serve one year at hard labor and to pay a fine of $250 or in default thereof to serve three months in prison. The judge suspended the imprisonment portion of the sentence and placed defendant on probation for a period of five years. The judge imposed as a condition of probation that he pay $250 to the court in restitution to defray the cost of operation of the court. On appeal, defendant relies on four assignments of error for reversal of his conviction and sentence. Finding merit in one of the assigned errors, we need not consider the others.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion to suppress physical evidence. He argues that the evidence was seized as a result of an unconstitutional search of his person.
At the preliminary examination, Officer John Day, one of the arresting officers, was called by the state to testify. At the suppression hearing, the state called Officer Walter Zschiedrich, the other arresting officer, as its sole witness. Both officers testified that at about 4:50 a. m. on August 1, 1979, while patrolling Bourbon Street in New Orleans, they were approached by an unidentified female who pointed out another female who was seated next to defendant in a coffee shop at 541 Bourbon Street. The informer told the officers that the female with defendant went by the name of Sandy and was wanted in Florida. As the female and defendant left the coffee shop, the officers stated that they approached the couple and asked for identification. When defendant's companion stated that she had none, Officer Zschiedrich requested her, and she agreed, to step inside 541 Bourbon so that a check could be made to determine if she was in fact wanted in Florida. Officer Zschiedrich testified that he told defendant that he was free to leave but defendant insisted on remaining with his companion. Officer Day testified, however, that he asked both parties to accompany the officers until a check was made on defendant's companion. Both officers testified that as they were entering 541 Bourbon, defendant reached into his rear pants pocket. They then grabbed his hand and extracted a medicine or pill bottle with no name or prescription on it containing approximately 26 pills. The officers detained defendant while the pills were taken to Charity Hospital to verify their content. Upon learning that they contained a controlled substance, the officers placed defendant under arrest. Incidently, it was discovered that defendant's companion was not wanted.
Defendant stated at the suppression hearing that after being stopped by the officers and asked for identification, one of the officers pulled the bottle of pills out of his back pants pocket. Defendant further stated that from the time the officers approached until he was subsequently arrested, he was never told by either officer that he was free to leave.
At trial, the state and defendant stipulated that the testimony of Officer Day at the preliminary examination and of Officer Zschiedrich and defendant at the suppression hearing be made a part of the trial record. After presentation of other witnesses by the state, defendant was found guilty as charged and perfected this appeal.
The fourth amendment to the federal constitution protects people against "unreasonable searches and seizures." Measured by this standard, La.Code Crim.P. art. 215.1, as well as federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Snoddy, 389 So.2d 377, (La. 1980); State v. Jernigan, 377 So.2d 1222, (La.1979), cert. denied, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980); State v. Chopin, 372 So.2d 1222 (La.1979). We have held that reasonable cause for an investigatory *1154 detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Snoddy, supra; State v. Jernigan, supra; State v. Chopin; State v. Taylor, 363 So.2d 699 (La. 1978); State v. Drew, 360 So.2d 500 (La. 1978). Once a lawful detention is made, a police officer is justified in frisking the suspect for weapons under circumstances where he reasonably suspects that he is in danger of life or limb. La.Code Crim.P. art. 215.1(B); Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, supra; State v. Snoddy, supra; State v. Jernigan, supra; State v. Hunter, 375 So.2d 99 (La.1979).
The purpose of the fourth amendment, however, is not to eliminate all contact between the police and the citizenry, but to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with a citizen. State v. Duplessis, 391 So.2d 1116, (La.1980); State v. Neyrey, 383 So.2d 1222 (La.1979); State v. Shy, 373 So.2d 145 (La. 1979). As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would require some particularized and objective justification under the fourth amendment. United States v. Mendenhall, supra.
In the instant case, the officers initially approached defendant because they had received a tip from an unidentified female that his female companion was wanted in another state. Hence, when they first encountered defendant, the officers had no reasonable cause to believe that he was engaged in criminal activity. Officer Zschiedrich testified that when they decided to detain defendant's companion to run a check on her, he told defendant that he was free to leave. Defendant, however, expressed a desire to remain with his companion. Under these circumstances, we conclude that no detention of defendant in fact occurred. If no investigatory detention occurred and no reasonable cause existed upon which to base such a detention, the subsequent search of defendant's person was unreasonable under the fourth amendment; it was an unjustified interference with defendant's right to be free from governmental interference.
Even if, relying on the testimony of Officer Day and defendant, we assume that the officers never told defendant he was free to leave and a detention of defendant in fact occurred, we nonetheless conclude that the detention was unlawful since the officers only had reasonable cause to believe that defendant's companion and not defendant was engaged in criminal activity. Hence, the subsequent search of defendant's person violated his rights under the fourth amendment and evidence seized as a result thereof is inadmissible.
In sum, under either version of the facts, the trial judge erred in denying defendant's motion to suppress physical evidence. We must reverse.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
DENNIS, J., concurs.
LEMMON, J., concurs in result.
LEMMON, Justice, concurring.
I concur only because the pills in the unlabeled bottled were not immediately recognizable as contraband. In my opinion the investigatory stop was legal, and the police acted reasonably in grabbing defendant's *1155 hand when he reached into his pocket and in searching thereafter for weapons and apparent contraband.