CARTER, Judge:
Defendant, Kenneth W. Spears, was charged by separate bills of information with two instances of possession of controlled dangerous substances. Bill # 10-81-636 charged that on September 19, 1981, defendant did knowingly • and intentionally possess phenmetrazine, a violation of LSA-R.S. 40:967(C).[1] Bill #1-83-289 charged that on December 31, 1982, defendant did knowingly and intentionally possess pentazocine, a violation of LSA-R.S. 40:967(C). Defendant initially entered pleas of not guilty and filed motions to suppress physical evidence seized at the time of each arrest. After the trial judge denied the motions, defendant changed his pleas to guilty and expressly reserved his right to appeal the denials of the motions. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to serve five years at hard labor on each charge. The sentences are to be served concurrently. In addition, defendant was ordered to pay $251.20 in court costs.
On appeal defendant urges four assignments of error.
ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, defendant argues that the trial court erred when it denied defendant’s motion to suppress physical evidence seized on September 19, 1981.
The motion to suppress was submitted to' the court on the transcript of the preliminary examination. At the preliminary examination, Officer Bruce Sarrazin, of the Baton Rouge City Police Department, testified as follows. On September 19, 1981, at 7:20 p.m., Sarrazin and a partner were in front of a bar called Duster Pamela’s. They were in the process of writing summonses for two individuals who were in violation of the Baton Rouge city ordinance banning open containers of alcoholic beverages in public. Baton Rouge City Ordinance, Title 13, Chapter 10, Sec. 608, 610. Sarrazin noted defendant coming around the corner holding an open alcoholic beverage in one hand and a plastic bag in the other hand. Sarrazin testified: “When [defendant] walked around the corner, I told him to come here, and he just froze.” Defendant then started to put his hand in his pocket. Sarrazin stated that he was concerned that defendant might have had a weapon in his pocket. At this point, Sarra-zin, who was a short distance away from defendant, reached for defendant’s hand as it disappeared into defendant’s pocket. Sarrazin stated: “By the time his hand reached the bottom of his pocket, my hand was with his.” Sarrazin removed his hand, defendant’s hand, and a plastic bag from defendant’s pocket. The plastic bag contained tablets which were later identified as phenmetrazine, a controlled dangerous substance.
The Fourth Amendment to the federal constitution protects people against “unreasonable searches and seizures”. Measured by this standard, LSA-C.Cr.P. art. 215.1, as well as federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Lanter, 391 So.2d 1152 (La.1980); State v. Snoddy, 389 So.2d 377 (La.1980). It has been held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient *1331 knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. Lanter, supra; State v. Snoddy, supra.
In the case sub judice, Sarrazin testified that he saw defendant walk around the comer with an open bottle of beer in one hand and a plastic bag in the other. Sarrazin stated that defendant was “just taking [the beer] away from his mouth.” Under these factual circumstances, Sarra-zin was clearly justified in detaining defendant. Since the defendant was committing a crime in the presence of the officer, he could have been arrested. LSA-C.Cr.P. art. 213(1).
Once a lawful detention is made, a police officer is justified in frisking the suspect for weapons under circumstances where he reasonably suspects that he is in danger of life or limb. LSA-C.Cr.P. art. 215.1(B); Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); State v. Lanter, supra; State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980). Further, the officer’s belief is not reasonable unless the officer is “able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.” Sibron v. New York, 392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917, 935 (1968). State v. Hunter, 375 So.2d 99 (La.1979). It is not necessary that the investigating officer establish that it was more probable than not that the detained individual was armed and dangerous; it is sufficient that he establish a “substantial possibility” of danger. State v. Hunter, supra.
In testifying, Sarrazin stated that defendant had started to put his hand in his pocket. Sarrazin further stated his concern that defendant may have been attempting to get a weapon. Thus, Sarrazin was able to point to particular actions taken by defendant from which it could be reasonably inferred that defendant was armed and dangerous. Clearly, Sarrazin was justified in reacting quickly and conducting a limited search of defendant for weapons.
In summary, the initial detention and subsequent search of defendant by Officer Sarrazin was justified. Accordingly, the trial judge did not err in denying defendant’s motion to suppress the evidence obtained as a result thereof.
We find no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendant argues that the trial court erred when it denied defendant’s motion to suppress physical evidence seized on December 31, 1982.
The motion to suppress was submitted to the court on the transcript of the preliminary examination. At the preliminary examination, the following facts were adduced. Uniformed officers in a marked police car were cruising the area of 39th and Cain Streets in Baton Rouge on December 31, 1982, at 1:30 p.m. The officers observed several black males standing next to a house. As the officers approached, the group of men dispersed. Defendant walked rapidly away from the group, headed toward 38th Street, and then ducked behind a building. As the officers circled the building, they observed defendant throw a cigarette pack over a fence and then run around the fence. At this point, one of the officers got out of the car and detained defendant. The cigarette pack was recovered and was found to contain pentazocine tablets.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as both the federal and state jurisprudence. Terry v. Ohio, supra; State v. Chopin, 372 So.2d 1222 (La.1979). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts to justify an infringement on the individual’s right to be free *1332 from governmental interference. State v. Chopin, supra.
The police have the right to engage anyone in conversation, even without reasonable grounds to believe that they have committed a crime. State v. Duplessis, 391 So.2d 1116 (La.1980). However, the police cannot approach citizens under circumstances that make it seem that some form of detention is imminent, unless they have probable cause to arrest the individual or reasonable grounds to detain the individual. Police officers cannot actively create “street encounters,” unless they have knowledge of suspicious facts and circumstances sufficient to allow them to infringe on the suspect’s right to be free from governmental interference. State v. Saia, 302 So.2d 869, 873 (La.1974), cert. denied, 420 U.S. 1008, 95 S.Ct. 1454, 43 L.Ed.2d 767 (1975).
When police officers make an investigatory stop without the legal right to do so, property abandoned or otherwise disposed of as a result thereof cannot be legally seized. If, however, property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from government interference, then such property may be lawfully seized. In such eases, there is no expectation of privacy, and, thus, no violation of a person’s custodial rights. It is only when the citizen is actually stopped without reasonable cause or when a stop without reasonable cause is imminent that the “right to be left alone” is violated, thereby rendering unlawful any resultant seizure of abandoned property. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, — U.S. -, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In the instant case, the crucial inquiry is whether, at the time defendant disposed of the pentazocine tablets, the police officers had effected an actual or imminent unlawful detention. According to the facts as outlined previously, during the course of a routine neighborhood patrol, the police saw defendant throw away a cigarette pack. At the time, the officers were still inside their patrol car and were some distance away from defendant. Defendant was not under restraint and clearly abandoned the cigarette pack. Accordingly, the trial judge did not err in denying defendant’s motion to suppress the evidence obtained.
We find no merit in this assignment of error.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
In Assignments of Error Nos. 3 and 4, defendant contends that the trial judge failed to comply with LSA-C.Cr.P. art. 894.1 and that the trial judge imposed excessive sentences.
The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. LSA-C.Cr.P. art. 894.1. The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984).
In sentencing defendant, the trial judge stated there was an undue risk that defendant would commit another crime, citing the fact that defendant had been arrested six times as an adult, had four convictions, and was classified as a second felony offender. The trial judge further stated that defendant was in need of correctional treatment or a custodial environment that can best be provided by commitment to an institution. In support of this the trial judge noted that defendant was on probation at the time of the instant offense and that defendant had refused to participate in a drug treatment program while on probation.
The trial judge more than adequately satisfied the statutory criteria set forth in LSA-C.Cr.P. art. 894.1.
We find no merit in Assignment of Error No. 3.
Next, defendant contends that the trial judge imposed excessive sentences.
A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 *1333 prohibits the imposition of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979).
One convicted of possession of pentazo-cine shall be imprisoned with or without hard labor for not less than two years and not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars. LSA-R.S. 40:967(C)(1). One convicted of possession of phenmetrazine shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars. LSA-R.S. 40:967(C)(2). In the instant case, the trial judge sentenced defendant to five years at hard labor for possession of pentazocine and five years at hard labor for possession of phen-metrazine.
In imposing sentence, the trial judge noted that defendant had several pri- or convictions, that defendant was a second felony offender, and that defendant had previously performed unsatisfactorily while on probation. After considering all of the above, the trial judge imposed the maximum sentence in each case and ordered the sentences to be served concurrently. We find no abuse of the great discretion afforded the trial judge.
This assignment of error is without merit.
Accordingly, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. The original bill charged defendant with violation of LSA-R.S. 40:967(A), distribution of phen-metrazine. However, immediately prior to taking defendant’s guilty plea, the error was noted and the bill of information was amended with defense counsel’s knowledge and agreement.