WARD, Judge.
Thomas H. Brown, Jr. assigns two errors in this appeal from his third conviction for possession of marijuana. He contends the Trial Judge erred in refusing to suppress evidence and in imposing a sentence of imprisonment upon an indigent defendant in default of payment of costs.
Evidence presented at the suppression hearing and at trial establishes that on October 12, 1984, several New Orleans po *651 lice officers went to 901 Andry Street to execute a warrant for the search of the residence at that address. The search warrant, based upon information from a confidential informant that drug transactions were being conducted at 901 Andry Street, named Geraldine Bowen as the occupant of the residence. When the officers arrived, a car was parked at the curb in front of 901 Andry Street and four persons, including Geraldine Bowen and Thomas Brown, were sitting in the car. Before entering the house, the officers ordered the four persons from the car. The officers testified that as Brown got out of the car, he dropped a bottle containing two marijuana cigarettes. Brown was arrested and charged with possession of the marijuana.
At the hearing on Brown’s motion to suppress evidence, all witnesses for the defense denied that Brown dropped the bottle containing marijuana. The Trial Judge denied the motion to suppress and stated that the question of the existence of the evidence was an issue for the jury to decide.
Brown argues that the evidence should have been suppressed because he was neither named in the search warrant nor a resident of 901 Andry Street, and therefore, the officers had no right to detain him; hence the seizure of the marijuana was unlawful.
Additionally, Brown assigns error to the trial court’s ordering him to pay $30.00 in court costs in default of which Brown would be required to serve 30 days in jail. Brown contends that because he is indigent it is unconstitutional to incarcerate him if he cannot pay court costs.
At the time Brown exited the vehicle pursuant to police orders to do so “showing (his) hands”, the officers had detained him.
State v. Andrishok, 434 So.2d 389, 391 (La.1983) sets the standards for an investigatory detention:
We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct_ (emphasis added).
The seizure, therefore, can only be upheld if an investigatory stop was justified. As there was no testimony at the suppression hearing or trial that Brown had been or was about to be engaged in criminal conduct, the investigatory stop and detention was improper. It therefore follows that the seizure by the police of “abandoned” property incidental to an improper detention was illegal.
The Andrishok court also holds:
Where officers do not have the right to make an investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized by the police officers ...
As we have previously held, “it is only when the citizen is actually stopped without reasonable cause or when that stop is imminent that the right to ‘be left alone’ is violated,” thereby rendering unlawful any resultant seizure of abandoned property. (citations omitted.)
As to Brown’s second assignment of error, the State concedes that he is indigent and that therefore he should not have been sentenced to a 30 day term of imprisonment in default of the payment of court costs. Accordingly, the conviction is reversed and the sentence is vacated.
CONVICTION REVERSED SENTENCE VACATED.