PLOTKIN, Judge,
dissents with reasons.
I respectfully dissent from the majority’s finding that the motion to suppress the evidence was properly denied. The majority correctly states that when an officer does not have the right to make an investigatory stop, property abandoned or otherwise disposed of cannot be legally seized. State v. Brown, 530 So.2d 650 (La.App. 4th Cir.1988). However, the majority finds that under the totality of the circumstances, the officer was legally justified in making the stop and, as a result, the property abandoned could be legally seized. After reviewing the facts, I disagree with that conclusion.
The issue is whether the arresting officers had reasonable suspicion to make an investigatory stop. In order to stop a person temporarily to facilitate an investigation, the officer must have a reasonable suspicion that the suspect has committed, is committing, or is about to commit a crime. La.C.Cr.P. art. 215.1.
The standard of reasonable suspicion has been delineated by Louisiana courts. “Reasonable suspicion” is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Belton, 441 So.2d 1195 (La.1983), cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). The Supreme Court found that flight, nervousness, or the startled look of an individual at the sight of a police officer is by itself insufficient to justify a investigatory stop. However, the court stated that such conduct may be highly suspicious and may be one of the factors leading to a finding of reasonable cause to believe the individual has been, is, or is about to be engaged in criminal conduct. Id. at 1196.
In the instant case, we do not find evidence of highly suspicious conduct. The testimony of Officer Kramer indicates that *1250 the only reason for stopping the defendant’s grandmother’s car was to issue a traffic violation for an expired license plate. The car in which the defendant was a passenger was already stopped when the plain-clothes police pulled up in an unmarked car. Kramer testified that the defendant was walking away from the car before he or his partner alighted from the ' police vehicle. The officer’s justification of the stop of the defendant was that he was “curious as to why he was walking away.” To affectuate an investigatory stop on these grounds is deficient and does not meet the standard of reasonable suspicion set forth under Louisiana law.
The officer’s comments that he “was not sure of the ownership of the vehicle” also do not give rise to justify an infringement of the defendant’s rights. As the majority points out, in the case of a vehicular stop, a passenger generally has a higher expectation of privacy than the driver because the passenger plays no part in the routine traffic stop. State v. Williams, 366 So.2d 1369 (La.1978). Following Williams, the defendant passenger was entitled to remain in the car and the police would have been without authority to order him out of the car in conducting a routine traffic stop.
As the court noted, by stopping the automobile the police have decided that the driver will be detained. Such is not the case for the passenger, who has broken no law and may walk away from the scene unless the police have some other legitimate reason to detain him. Id. at 1374.
In my view, the officer’s bases for the investigative stop are insufficient to justify a reasonable suspicion that the defendant had committed or was about to commit a crime. The officer stated no facts which would justify a contrary conclusion. The defendant was the passenger in the car, he walked rather than ran away from the car, and up until the time of the stop had not exhibited any behavior indicating criminal activity.
In the the instant case, the abandoned property could have been seized if it was abandoned without any prior unlawful intrusion into a person’s right to be free from governmental interference. State v. Belton, supra. A person’s liberty and privacy is not violated simply because a police officer attempts to converse with him, as long as he is free to walk away. State v. Lanter, 391 So.2d 1152 (La.1980). However, on cross-examination Officer Kramer indicated that the defendant was not free to walk away. He testified that if the defendant had not stopped he would have pursued him. He also stated that it was his intent to control the defendant’s movements.
These statements clearly indicate a stop. Since, in my opinion, the “reasonable suspicion” was not present, the property was unlawfully seized as it was abandoned after the stop. Therefore, the motion to suppress was improperly denied by the trial court.
For the above and foregoing reasons, I respectfully dissent. I would reverse the defendant’s conviction and remand to the trial court for further proceedings.