553 So.2d 928 (1989)
STATE of Louisiana
v.
Dwayne P. JONES.
No. 89-KA-0694.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
*929 Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for appellee.
Carol Skarpetowski, New Orleans, for appellant.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
Dwayne P. Jones, defendant, was charged with possession of cocaine. La. R.S. 40:967. Following an unsuccessful attempt to suppress the evidence against him, the defendant withdrew his former plea of not guilty and entered a guilty plea, while reserving his right to appeal the court's ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to serve five years imprisonment. The sentence was suspended and the defendant was placed on five years active probation, with special conditions.[1] Relying on a single assignment of error the defendant appeals his conviction and sentence. We affirm the defendant's conviction and sentence.
The record reflects that on the evening of February 9, 1989, New Orleans Police Officers Donald Polk and Angelo Smith were on routine patrol in an unmarked car. At approximately 8:00 p.m. they were driving lake bound on North Derbigny Street. As the officers reached the corner of North Derbigny and Lizardi Streets, the defendant approached their vehicle. When the defendant "got up to the car he started to go into his pocket and take something out". After apparently realizing the occupants of the vehicle were police officers, "he quickly backed away ... and went back to the curb and just stared" [at the officers]. The pair of policemen exited the patrol car and identified themselves. At that moment the defendant threw a small plastic box to the ground. The box was retrieved from the ground and was found to contain a substance which later tested positive for crack/cocaine.
We first consider the State's opposition to the defendant's appeal. In this opposition the State argues that this Court is precluded from considering the merits of defendant's claim raised in this appeal. The State alleges that this is so because the claim although addressed in the defendant's brief, was not formally listed as an assignment of error submitted by the defense to this Court. We reject the State's argument.
The sole matters to be considered on appeal are: errors designated in assignments of error and errors patent on the face of the record. La.C.Cr.P. Art. 920.
The sanctions for failure to file timely assignments of error are set forth in Louisiana Code of Criminal Procedure Article 844, as follows:
La.C.Cr.P. Art. 844. Assignment of errors; sanctions for failure to file timely
A. The party appealing shall designate in writing those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
B. If the appellant fails to comply with these provisions and fails to secure an extension in accordance with Article 916(1), the trial judge on his own motion or motion of the clerk or any party or upon referral by the appellate court and after hearing shall either:
(1) Extend the time within which the assignment of errors shall be filed.

*930 (2) Impose a fine not to exceed five hundred dollars upon the appellant or his attorney or both if the failure is found by the court to be arbitrary and capricious.
C. If the record is not lodged in the appellate court within sixty days after the motion for the appeal is made or within the extended time granted by the proper court or if the record is lodged in the appellate court without an assignment of errors, the appellate court may adjudge the appellant, his attorney, or both guilty of contempt of court and impose a punishment authorized by law.
D. The trial judge may submit such per curiam comments as he desires.
In considering the issue of whether an appellate court may disregard an argument which is briefed but not formally listed as an assignment of error, the Louisiana Supreme Court stated:
The court of appeal improperly declined to address defendant's contention that the circumstances did not justify the use of the Section 283 procedure because defendant had not assigned this as an error. When a contention is made for the first time on appeal, the appellate court may require the defendant to file a supplemental assignment of error, thereby permitting the trial court to make an appropriate response. However, the appellate court may not arbitrarily refuse to consider the contention, especially one of constitutional dimensions, on the basis of the record on appeal. State v. Murphy, 542 So.2d 1373 at 1375 (ft. 4) (La. 1989) citing State v. Thome, 514 So.2d 1170 (La.1987).
For these reasons we turn to a consideration of the merits of the defendant's claim on appeal.
In his argument on appeal the defendant alleges that the trial court erred in denying his motion to suppress the evidence because the seizure of the evidence resulted from an illegal investigatory stop.
In U.S. v. Cortez, 449 U.S. 411 at 417, 101 S.Ct. 690 at 695, 66 L.Ed.2d 621 (1981) the United States Supreme Court discussed the legal concept of an investigatory stop:
An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be engaged in criminal activity. Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979); Delaware v. Prouse, 440 U.S. 648, 661, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979); United States v. Brignoni-Ponce, supra, 422 U.S. [873] at 884, 95 S.Ct. [2574] at 2581 [45 L.Ed.2d 607] [(1975)]; Adams v. Williams, 407 U.S. 143, 146-149, 92 S.Ct. 1921, 1923-1924, 32 L.Ed.2d 612 (1972); Terry v. Ohio, supra 392 U.S. [1] at 16-19, 88 S.Ct. [1868] at 1877-1879 [20 L.Ed.2d 889 (1968) ].
Courts have used a variety of terms to capture the elusive concept of what cause is sufficient to authorize police to stop a person.
... But the essence of all that has been written is that the totality of the circumstancesthe whole picturemust be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for supecting the particular person stopped of criminal activity. See, e.g., Brown v. Texas, supra, 443 U.S., at 51, 99 S.Ct., at 2640; United States v. Brignoni-Ponce, supra, 422 U.S. [873] at 884, 95 S.Ct. [2574] at 2581 [45 L.Ed.2d 607 (1975)].
Louisiana has legislatively authorized an investigatory stop when the law enforcement officer has a reasonable suspicion to believe that a person is committing, has committed or is about to commit an offense. La.C.Cr.P. Art. 215.1. This is consistent with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "Reasonable suspicion" is something less than probable cause for an arrest. State v. Belton, 441 So.2d 1195 (La.1983), cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). In such cases, mere suspicion is an insufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
A citizen's liberty and privacy rights are not violated simply because a police officer attempts to converse with *931 him, so long as he is free to disregard the questioning and walk away. U.S. v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Lanter, 391 So.2d 1152 (La. 1980). In those instances in which the police officer does not have the right to make an investigatory stop, property abandoned or otherwise disposed of, as a result thereof, cannot be the object of a lawful seizure. State v. Brown, 530 So.2d 650 (La.App. 4th Cir., 1988) citing State v. Andrishok, 434 So.2d 389 (La. 1983).
In the instant case the arresting officer testified the action of the defendant as he "approached the car and was going into his pocket ... is consistent with narcotic sales down there."
Although less articulate than would have been desirable, the testimony of Officer Angelo Smith established that in the area of the city where this incident occurred (i.e., a high crime area), the activities of this subject in approaching the vehicle and reaching into his pocket were consistent with the sale of narcotics.
Therefore, under the totality of circumstances, we find the investigating officers had a reasonable suspicion to believe this subject was about to engage in criminal activity. As such, the officers were legally justified in stopping Dwayne Jones for questioning. The contraband abandoned by Jones pursuant to this lawful stop was the subject of a legally permissible seizure. Thus, the trial court did not err in denying the defendant's motion to suppress the evidence. Defendant's argument on appeal lacks merit. For the reasons stated, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant was ordered to enroll in a drug rehabilitation program and submit to random drug testing. Court and supervisory fees were waived.