PLOTKIN, Judge.
The State filed an application for rehearing which we granted. In our original opinion, we reversed the defendant’s conviction and remanded the case for a new trial on the ground that the defendant had not received effective assistance of counsel at trial.
In its application for rehearing, the state contends that the appellant did not first file his assignments of error in the trial court. The court of appeal may require an appellant to file an assignment of error in the trial court to permit the latter to make an appropriate response. However, when an appellant has not done this, “the appellate court may not arbitrarily refuse to consider the contention, especially one of constitutional dimensions, on the basis of the record on appeal.” State v. Jones, 553 So.2d 928, 930 (La.App. 4 Cir. 1989), quoting State v. Murphy, 542 So.2d 1373, 1375, n. 4 (La.1989).
Secondly, the State contends that it did not receive a copy of appellant’s assignments of error. The record reflects a certificate of service by mail of appellant’s brief, dated November 1, 1988. The appeal was filed in this court on November 3, 1988. There is no indication in the record that appellee did not receive this brief.
These two contentions of error have no merit.
The State next contends that there was not sufficient basis in the record to reverse appellant's conviction on the basis of ineffective assistance of counsel. This issue is most properly raised in an application for post-conviction relief. LSA-C. Cr.P. art. 924. If, however, the record contains sufficient evidence to rule on the merits of the claim, in the interest of judicial economy the issue may be decided on appeal. State v. Seiss, 428 So.2d 444, 449 (La.1983); State v. Garland, 482 So.2d 133, 134 (La.App. 4 Cir. 1986). In the case before us the record is sufficiently complete *297 to provide a basis for ruling on the defendant’s claim. When the record does show that there most probably was ineffective assistance of counsel, the court of appeal has, not merely the discretion, but the duty, to decide the issue on appeal. Our system of justice demands that a possibly innocent person not spend an extended period of time in prison in order to have this issue heard by means of an application for post-conviction relief.
The State asks for an adversarial hearing in which it could contest appellant’s allegations of ineffective assistance of counsel. The state was given an opportunity to challenge the correctness of appellant’s allegations and chose not to file a supplementary brief. The state has produced no further evidence to controvert the findings of this court in its decision on appeal. Therefore an adversarial hearing would serve no purpose.
As to the evidence of ineffective assistance of counsel, the State objects, first, to the reliance on the police reports. These police reports were not introduced into the record. However, the police reports had been requested by the defendant. The defendant had a right to discovery of initial police investigative reports. State v. Johnson, 532 So.2d 102, 103 (La.1988). Furthermore, initial police investigative reports are public records. LSA-R.S. 44:3(A)(4). The state had the police reports in its possession. The defendant clearly and legitimately requested that the state produce such reports in discovery. The state’s response of “no” to the defendant’s request was inaccurate and misleading. This court now orders the insertion of these police reports into the record.
Second, the State contends that there is no basis in the record for the discrepancies in Ms. Causey’s description of the perpetrator. Ms. Causey testified at trial that the man was wearing a white baseball cap and was a passenger in a car that drove past her. Tr. 24-25. In the police report, she had said that the man was wearing a beige “Dobbs” cap and walked away from the scene of the crime. Defense counsel did not investigate or question at trial this potential material inconsistency.
The State contends, third, that there is no basis in the record for speaking about Ms. Causey’s “alleged drug habits” or “alleged previous work as an informant” for the police. Officer Davis testified that she had known Ms. Causey from another police investigation. Tr. 21. Defense counsel failed to question the witness further concerning this information on cross-examination.
Fourth, the State contends that it is inappropriate to take the defendant’s word that he found out only at trial which gun was the murder weapon. When this occurred during the trial, Erin Hunter testified that he only then learned which gun it was. Tr. 70. This testimony is uncontro-verted. Defense counsel had not investigated the guns or reported on the descriptions of the three guns to the defendant in preparation for trial. Nor did defense counsel make any use of the defendant’s surprise at discovering which gun was the murder weapon during trial.
Fifth, the State objects to categorizing the defense not calling Leslie Hill or Willie Harris as a witness as ineffective assistance of counsel since it might have been considered and rejected as part of the defense’s trial strategy. Neither the prosecution nor the defense has knowledge of the other’s trial strategy. The defense may well have been negligent in not calling these witnesses. Whether or not the defense made a deliberate decision not to call these persons as witnesses does not negate any of the other very substantial grounds for finding ineffective assistance of counsel.
Sixth, the State wants to contest the allegation that the defense did not provide Hunter with an opportunity to tell his story at trial. Hunter did attempt to tell his story, but was not permitted to do so by the judge. His counsel did nothing to come to his aid at this point. Tr. 72-74.
Seventh, the State denies that it misled the defense by not submitting the *298 police reports in response to the defense’s twelfth interrogatory. It does not deny that it refused to give the police reports to the defendant. But the state claims that there were no discrepancies in Ms. Cau-sey’s description of the defendant in the police report. At the time of discovery, the mere fact that Ms. Causey had named the perpetrator as “Willie” in the police report was exculpatory material factual information which should have been disclosed.
None of the State’s contentions of error in its application for rehearing have merit.
Therefore the original opinion of this court, reversing the defendant’s conviction and remanding for a new trial, is affirmed on rehearing.