FRED W. JONES, Jr., Judge.
Defendant, Elizabeth Jackson, was charged with the illegal carrying of a weapon (La.R.S. 14:95). She filed a motion to suppress the introduction into evidence of the weapon involved. After a contradictory hearing, the motion was denied without the trial judge giving reasons. By joint agreement the charge was then submitted on the same evidence presented at the hearing on the motion to suppress. The judge found the defendant guilty as charged. She was sentenced to pay a fine of $400 and to serve 120 days in jail. The jail sentence was suspended and the defendant placed on unsupervised probation for two years.
We granted this writ of review upon defendant’s application urging as error the trial court’s denial of her motion to suppress.
According to evidence presented at the hearing on the motion to suppress, on February 4, 1984, officers from the DeSoto Parish sheriff’s office conducted a raid on an establishment known as Belton Green Paradise. The purpose of the raid was to execute a search warrant asserting that Belton was operating a “blind tiger”, or selling alcoholic beverages without a license.
Deputy Bounds, who testified at the hearing, stated that prior to entering the restaurant, law enforcement officers surrounded the building to assure that no one left the scene. When other officers entered the building all of the patrons, including defendant, were instructed not to move. Thereupon, defendant placed her hands on a table and complied with the officers’ directions. She made no threatening gestures. Her purse was lying about one foot from the defendant.
Although defendant’s person was not searched, Bounds stated that her purse was searched “for our protection.” Therein was found the .38 caliber revolver which was the subject of this prosecution. It was seized, of course, without a search warrant. At the hearing the State relied upon the “stop and frisk” [La.C.Cr.P. Art. 215.1] exception to the search warrant requirement.
As explained in the landmark “stop and frisk” case of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), before a police officer may stop or detain a person for investigatory purposes, he must reasonably suspect that the individual has committed or is about to commit a criminal offense. There was no evidence presented in this ease to indicate a suspicion on the part of the officers that the defendant fell into that category. Therefore, since the original detention of defendant was invalid, there was no justification for the officers to conduct a “pat-down” of her.
Furthermore, as Terry also points out, while an officer is never justified in conducting a “pat-down” for weapons unless the original detention was valid, a lawful detention for questioning does not necessarily give the office the authority to conduct a “pat-down” for weapons. Even after a lawful investigatory detention, an officer is justified in frisking an individual only under circumstances where a reasonably prudent man would be warranted in the belief that his safety or that of others was in peril. That belief is not reasonable unless the officer is able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.
A person may not be searched simply because he is present with others suspected of criminal activity or at a location where such activity is occurring. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1980). Consequently, defendant’s presence in Belton’s “blind ti *171 ger” provided no justification for the search of her purse without a warrant.
To summarize, even assuming that a “pat-down” of the defendant for weapons included a search of her purse, we hold that the search was invalid because the state did not prove a lawful basis for detaining the defendant nor did it prove any justification for either frisking her or searching her purse. Therefore, the trial judge should have sustained the motion to suppress the introduction of the weapon as evidence.
For these reasons, the motion to suppress is sustained and defendant’s conviction and sentence are set aside and the case is remanded to the trial court for further proceedings.