PER CURIAM:
 

 Defendants Wayne Martin and Richard Zaino appeal their convictions for three marijuana-related offenses. Defendants claim that the district court abused its discretion by admitting evidence of weapons at defendants’ trial for the marijuana charges and by failing to give a limiting instruction to the jury. We affirm.
 

 Defendants Martin and Zaino were each convicted of possession of marijuana aboard a United States vessel with intent to distribute, in violation of 21 U.S.C. § 955a(a) and 18 U.S.C. § 2 (count I); conspiracy to possess marijuana on a United States vessel with intent to distribute, in violation of 21 U.S.C. §§ 955a(a), 955c (count II); and conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 963 (count III). Martin was sentenced to ten years imprisonment on each count, the terms to be served concurrently, a special parole term of five years and a $150 fine. Zaino was sentenced to fifteen years imprisonment on each count, the terms to be served concurrently, a special parole term of five years and a $150 fine. The convictions arose out of defendants’ arrest by the Coast Guard on the high seas while defendants were aboard a 25-foot fishing vessel, the ISLAND RUNNER.
 
 [1]
 
 A Coast Guard patrol vessel had spotted the ISLAND RUNNER running without lights at a high speed toward the United States from the Bahamas. A high speed chase ensued with the Coast Guard vessel receiving assistance from a Coast Guard helicopter. The Coast Guard finally intercepted the ISLAND RUNNER after having observed one of the three men on board the vessel throwing bales of marijuana overboard. The Coast Guard retrieved some of the bales of marijuana and upon boarding the ISLAND RUNNER found marijuana residue. The Coast Guard also discovered two loaded rifles and a loaded pistol under the vessel’s console by the steering wheel. The butt of one of the rifles was protruding from under the console.
 

 At trial the district court admitted into evidence over defendants’ repeated objections the two rifles, the pistol, and ammunition seized on board the ISLAND RUNNER. Defendants argue on appeal that the weapons and ammunition constituted extrinsic evidence of other crimes or wrongs, which was inadmissible under Fed. R.Evid. 404(b) and 403.
 
 [2]
 
 We will not disturb a trial court’s ruling on the admissibility of evidence unless the court has clearly abused its broad discretion in this area.
 
 United States v. Williford,
 
 764 F.2d 1493, 1497 (11th Cir.1985). We have previously stated:
 

 Evidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) ... if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined
 
 *1525
 
 with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime of trial.
 

 United States v. Weeks,
 
 716 F.2d 830, 832 (11th Cir.1983) (citations omitted). This court has also recognized that weapons may be admitted into evidence at drug trials, noting that weapons in effect are “tools of the trade” in drug trafficking.
 
 United States v. Montes-Cardenas,
 
 746 F.2d 771, 776-77 (11th Cir.1984);
 
 United States v. Lippner,
 
 676 F.2d 456, 463 (11th Cir.1982);
 
 United States v. Perez,
 
 648 F.2d 219, 224 (5th Cir. Unit B),
 
 cert. denied,
 
 454 U.S. 1055, 102 S.Ct. 602, 70 L.Ed.2d 592 (1981). We conclude that the district court did not abuse its discretion in admitting the weapons and ammunition at defendants’ trial for the marijuana-related offenses. The weapons were found on board a vessel which had been carrying marijuana, they were loaded, and there was testimony that one of the rifles was protruding from under the console within the defendants’ reach. The weapons and ammunition were admissible as direct evidence of the possession with intent to distribute, conspiracy and importation of marijuana charges.
 

 Defendants also argue that even if the Rule 404(b) evidence of weapons and ammunition was admissible, the district court violated Fed.R.Evid. 105 by refusing their request to give the jury a limiting instruction not to use the evidence to show the defendants’ bad character.
 
 [3]
 
 Because evidence of the weapons and ammunition was not extrinsic evidence but rather, direct evidence of the crimes charged, Rule 105 was inapplicable, and the district court was not required to give an instruction limiting its use.
 
 [4]
 

 AFFIRMED.
 

 [1]
 

 . A third co-defendant, Frank Nappi, was also aboard the ISLAND RUNNER. Nappi pleaded guilty prior to trial and is not a party to this appeal.
 

 [2]
 

 . Fed.R.Evid. 404(b) states:
 

 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 

 Fed.R.Evid. 403 states:
 

 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 

 [3]
 

 . Fed.R.Evid. 105 states:
 

 When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.
 

 [4]
 

 . We note also that the district court did instruct the jury that "[t]he defendants are not on trial for any act or conduct or offense not charged in the indictment.”
 

 Even if we were to assume that the district court abused its discretion in admitting the weapons evidence, such admission was at most harmless error in that substantial evidence existed to support the convictions, and defendants’ substantial rights were not affected.
 
 United States
 
 v.
 
 Hosford,
 
 782 F.2d 936, 939-40 (11th Cir.1986).