UNITED STATES of America, Plaintiff–Appellee,

v.

Edith CRUZ, Defendant–Appellant.

No. 88–6087
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 14, 1989.

Scott T. Kalisch, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, Linda Collins Hertz, Harriet Galvin, Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

In this case, the appellant, Edith Cruz, appeals the district court's denial of a motion to suppress evidence and statements that the government planned to use in her criminal drug trial. Because we find that the police detective who detained Cruz had reasonable suspicion to stop her and thereafter to make a limited protective search for concealed weapons, we affirm the district court's order.

## I.  BACKGROUND

In April of 1988, a confidential informant working with the Drug Enforcement Administration, set up a drug deal with some known narcotics dealers in Miami, Florida. After the informant spoke to the dealers, certain DEA agents went to the apartment where the deal was to take place and arrested one of the occupants. A subsequent search of the apartment for cocaine, however, proved fruitless. Thereafter, the agents set up a second drug exchange with some of the other known dealers and the agents maintained surveillance on the site of the expected exchange. Around the time that the deal was supposed to take place, the agents observed two Latin males sitting in a car about thirty feet from the site. This car matched the description of one of the dealers' cars.

One of the agents then observed the appellant and a male companion walking together towards the car. The male was also one of the known dealers. The couple approached the car and the agents watched as the male companion exchanged words with one of the men in the car. All of this took place in an area known for heavy drug trafficking activity. As the couple then continued to walk past the car, the agents, attired in raid jackets, moved in to arrest all of the men and to detain the appellant. While one of the agents yelled at the appellant's male companion in English and in Spanish, identifying himself as a police officer and telling him he was under arrest, the appellant continued to walk at a brisk pace and went out of sight.

One of the detectives on the scene went after the appellant. About thirty seconds later, the detective returned with the appellant in custody. The detective showed one of the agents what appeared to be a kilogram of cocaine which the detective had discovered inside the appellant's purse. The detective informed the agent that she had stopped the appellant in an area with a number of unidentified persons around and, for her safety, took the appellant's shoulder bag. Noticing that it felt heavy, the detective opened it to check for a possible weapon and found the kilogram package in plain view inside the purse.

The appellant was charged with possession with intent to distribute in excess of 500 grams of cocaine. Appellant filed a motion to suppress the seized evidence and certain statements she had made and, after an evidentiary hearing, this motion was denied. Thereafter the appellant entered a conditional plea of guilty, retaining the right to appeal the district court's order. Appellant was then sentenced to a five-year term of imprisonment, to be followed by a four-year term of supervised release. This appeal ensues.

## II.  DISCISSION

■ The appellant argues that there was no reasonable suspicion for the agents to

stop her or to check her purse for weapons. It is well established that an individual may be briefly detained for investigation based on reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–1880, 20 L.Ed.2d 889 (1968). To determine whether a stop is reasonable, we look at the totality of the circumstances as they existed at the time of the stop. The detaining officer "must have a particularized and objective basis for suspecting the person of criminal activity." *United States v. Aldridge*, 719 F.2d 368, 371 (11th Cir.1983).

A review of the testimony at the suppression hearing satisfies us that there was reasonable suspicion to believe that the appellant was involved in criminal activity. First, the appellant was seen walking together with a known drug dealer who had negotiated with one of the agents for the delivery of fifteen grams of cocaine. Second, the agents certainly understood that the crime of drug trafficking has a particularly violent nature. Finally, the appellant's male companion was seen speaking to one of the dealers whom the agents knew was present to exchange a kilogram of cocaine. While none of these factors, by themselves, necessarily justifies an investigative stop, they are each relevant in the determination of whether the agents had reasonable suspicion to stop the appellant. *See United States v. Barlin*, 686 F.2d 81, 87 (2d Cir.1982) (appellant's arrival at the scene with two known suspects, taken against the background of the violent nature of narcotics crime, relevant to finding of reasonable suspicion) and *United States v. Kapperman*, 764 F.2d 786 (11th Cir. 1985) (reasonable to stop driver of vehicle which was carrying suspected fugitive of law where officer knew that driver tried to evade police and was proceeding to the airport). Thus, under all the circumstances known to the officers at the time of the stop, we hold that the officers had reasonable suspicion to stop the appellant who had walked away from the scene of the original arrests.

■ Because the detective had reasonable suspicion to stop the appellant, she also had the right to make a limited protective search for concealed weapons in order to secure the safety of herself and the safety of those around her. The factors articulated above indicated that the appellant was likely involved in narcotics trafficking and, as is judicially recognized, such individuals are often armed. *See, e.g., United States v. Martin*, 794 F.2d 1531, 1533 (weapons are tools of the trade in drug trafficking). In addition, in an area known for heavy drug trafficking, the appellant was walking down the street and stopping before a car of known dealers who were at the scene to exchange some cocaine. Under these circumstances, a limited protective search, including a search of the purse, was reasonable. *See Barlin*, 686 F.2d 81. The district court's order is

AFFIRMED.