STOKER, Judge.
The issue in this case is whether the trial court erred in denying defendant Joseph Simien’s pre-trial motion to suppress evidence seized as a result of a “stop and frisk”. This case is before us on remand by the Louisiana Supreme Court. We previously denied defendant’s writ application to us. The supreme court granted defendant’s writ application, and remanded the case to us for the purpose of briefing, argument and the writing of an opinion. 577 So.2d 41. We reverse.
FACTS
This case arises from the execution of a search warrant which authorized a search of the premises of Harmon’s Cafe to recover narcotics, paraphernalia and other evidence of drug transactions involving Clifton Harmon. Harmon had been arrested about twelve hours prior to execution of the search warrant on August 19, 1989 at about 1:50 p.m.
Four Calcasieu Parish sheriff’s officers, led by Detective Fold, executed the search warant on Harmon’s Cafe. As the officers drove up to the cafe, defendant was just exiting through the doorway. The cafe was open for business at that time. The officers arrived in unmarked cars and wore plain clothes. When the officers parked, defendant was about three to four feet from the door and, according to Detective Fold, was watching them sideways as he walked away. The officers testified that defendant simply walked away without hurrying.
Having been told by Detective Fold to search all persons in the cafe for weapons because the neighborhood had a reputation for violence and drug trafficking, the officers decided to stop defendant. The officers were also very concerned about possible attempts to remove evidence from the premises. Before they had a chance to stop defendant, Detective Fold saw defendant “reach for the front of his britches, or pants area, like he was either going for something or putting something inside of them.” He warned the other officers that defendant was “reaching for the front of his britches”. When defendant was about five feet from the door, Detective Scheu-fens identified himself to defendant and instructed him to place his hands on the vehicle. Detective Scheufens then conducted a pat-down search of defendant.
Detective Scheufen felt a 4V2" to 5" long cylindrical object in defendant’s lower left shirt pocket, which he believed could be a switchblade knife. The object was removed and found to be a copper cocaine pipe. A finger scale was also found in that pocket.
The pat-down search further revealed, under defendant’s waistband, a loaded .22 caliber revolver and a brown paper bag containing nine plastic baggies of marijuana. Defendant was then formally placed under arrest.
OPINION
Defendant contends the arresting officers did not have reasonable cause to stop defendant or to conduct a pat-down search. The trial judge held that the stop and pat was lawfully conducted in furtherance of the search warrant for the premises.
The authorization for a temporary stop by a police officer of a person in a public place is set forth in LSA-C.Cr.P. art. 215.1:
Art. 215.1 Temporary question of persons in public places; frisk and search for weapons
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the ques *605 tioning, at which time he shall either return it, if lawfully possessed, or arrest such person.
A similar situation was presented in State v. Jackson, 459 So.2d 169 (La.App.2d Cir.1984). In Jackson, the police executed a search warrant on an establishment believed to be selling alcoholic beverages without a license. Prior to entering the restaurant, officers surrounded the building to assure that no one left the scene. Other officers then entered and instructed all of the patrons, including Jackson, not to move. Jackson complied with the request. For their protection, the police then searched Jackson’s purse, although not her person. A .38 caliber revolver was found in her purse and seized, resulting in prosecution. The State relied on the “stop and frisk” exception to the search warrant requirement. The court held in favor of Jackson and suppressed the evidence, reasoning as follows:
“As explained in the landmark ‘stop and frisk’ case of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), before a police officer may stop or detain a person for investigatory purposes, he must reasonably suspect that the individual has committed or is about to commit a criminal offense. There was no evidence presented in this case to indicate a suspicion on the part of the officers that the defendant fell into that category. Therefore, since the original detention of defendant was invalid, there was no justification for the officers to conduct a ‘pat-down’ of her.
“Furthermore, as Terry also points out, while an officer is never justified in conducting a ‘pat-down’ for weapons unless the original detention was valid, a lawful detention for questioning does not necessarily give the officer the authority to conduct a ‘pat-down’ for weapons. Even after a lawful investigatory detention, an officer is justified in frisking an individual only under circumstances where a reasonably prudent man would be warranted in the belief that his safety or that of others was in peril. That belief is not reasonable unless the officer is able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.
“A person may not be searched simply because he is present with others suspected of criminal activity or at a location where such activity is occurring. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1980). Consequently, defendant’s presence in Belton’s ‘blind tiger’ provided no justification for the search of her purse without a warrant.
“To summarize, even assuming that a ‘pat-down’ of the defendant for weapons included a search of her purse, we hold that the search was invalid because the state did not prove a lawful basis for detaining the defendant nor did it prove any justification for either frisking her or searching her purse. Therefore, the trial judge should have sustained the motion to suppress the introduction of the weapon as evidence.”
459 So.2d at 170.
For the reasons assigned in Jackson, we hold that the trial judge erred in denying defendant’s motion to suppress. The officers were not able to point to any particular facts justifying them in believing that defendant was armed and dangerous, other than that he reached toward his pants as he left the cafe. The decision to frisk defendant was made before he “reached for his pants”. The cafe was open for business and it was early afternoon. The officers did not attempt to inquire first as to defendant’s activities there. Even had defendant been inside the restaurant at the time the police stopped him, they would not have been justified in frisking him without an articulable reason to believe he was armed. The fact that he was attempting to walk away from the cafe and the officers certainly does not reasonably imply that the officers were being threatened. Moreover, there was no testimony at the suppression hearing that defendant had been or was about to be engaged in criminal conduct. The State did not prove a lawful basis for detaining the defendant nor did it prove a justification for frisking him.
*606 In conclusion, we find that the search warrant for the cafe premises did not, of itself, give the officers a lawful basis to frisk defendant, who was outside the cafe, without further reasonable cause. See, State v. Snoddy, 389 So.2d 377 (La.1980); State v. Brown, 530 So.2d 650 (La.App. 4th Cir.1988). Compare, State v. Smason, 572 So.2d 710 (La.App. 4th Cir.1990), writ denied 575 So.2d 376 (La.1991); State v. Darby, 550 So.2d 963 (La.App. 5th Cir.1989). Defendant’s motion to suppress the evidence should have been sustained.
CONCLUSION
For the reasons given, the trial court’s denial of defendant’s motion to suppress evidence is reversed. The case is remanded to the trial court for further proceedings consistent with the opinion expressed herein.
REVERSED and REMANDED.
DOUCET, J., dissents and assigns written reasons.