[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16184
Non-Argument Calendar

_____

D.C. Docket No. 04-20128-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY G. ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(July 11, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Harry Rolle appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] After review, we affirm.

## I. BACKGROUND

After Miami-Dade Police Department officers saw a car run a red light, a high-speed chase ensued. Eventually the car exited the interstate and drove through back roads until it came to a dead end.

After the vehicle came to a rolling stop, Defendant Rolle, who was a passenger in the car, and the driver got out and started running. When Rolle approached a fence, an officer saw him take a firearm "from his front crotch and toss[] it to the ground, at which time he proceeded to leap the fence." Rolle landed head first on the other side of the fence, and officers took him into custody.

At trial, over defense counsel's objection, the government introduced evidence of Rolle's prior state court conviction for carrying a concealed weapon.[2] Although the district court admitted evidence of Rolle's prior conviction, he immediately gave the following cautionary instruction to the jury:

---

[1]Rolle pled guilty to knowingly escaping from the custody of officers, in violation of 18 U.S.C. § 751(a). Rolle does not appeal his § 751(a) conviction and, thus, it is not before this Court.

[2]Detective Joseph Nagy testified that, in 2003, he was involved in a foot-chase with Rolle. Detective Nagy further stated that during the chase Rolle tossed a firearm from his waistband, was subsequently arrested, and pled guilty to carrying a concealed firearm.

You've just heard evidence of acts of the defendant which may be similar to those charged in the Indictment but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the act charged in the Indictment; however, you may consider this evidence for other very limited purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the act or acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the defendant had the state of mind or intent necessary to commit the crime charged in the Indictment.

The district court gave the following, similar instruction just before jury deliberations.

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the defendant which may be similar to those charged in the Indictment but which were committed on other occasions.

You must not consider any of this evidence in deciding if the defendant committed the act charged in the Indictment. However, you may consider this evidence for other very limited purposes.

If you find beyond a reasonable doubt from other evidence in the case that the defendant did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the defendant had the state of mind or intent necessary to commit the crime charged in the Indictment, or whether the defendant acted according to a plan or in preparation for the commission of a crime, or whether the defendant committed the acts for which the defendant is on trial by accident or mistake.

The jury subsequently found Rolle guilty of possessing a firearm after being convicted of a felony. Rolle appeals his conviction.

## II. DISCUSSION

3

On appeal, Rolle argues that the district court abused its discretion in admitting the evidence surrounding the circumstances of his prior state conviction.[3]

Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, . . . knowledge, . . . or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). Further, to be admissible, 404(b) evidence must: (1) be relevant to an issue other than the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). The determination whether the probative value of the evidence is substantially outweighed by unfair prejudice is "within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the

_____

[3]This Court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Abraham, 386 F.3d 1033, 1035 (11th Cir. 2004), petition for cert. filed, (Feb. 16, 2005) (No. 04-9334).

4

extrinsic act and the charged offense, as well as temporal remoteness." Id. at 1282 (quotation marks and citation omitted).

Furthermore, even if it was error for the district court to admit the Rule 404(b) evidence, "[a]n erroneous evidentiary ruling will result in reversal only if the resulting error was not harmless." United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999), corrected by 194 F.3d 1186 (11th Cir. 1999). An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights." United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990). That is, '[w]e need not reverse [Rolle's] conviction if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." Hands, 184 F.3d at 1329 (quotation marks and citation omitted).

In this case, the defendant argues that the district court erred in admitting the 404(b) evidence because the evidence was not relevant to: (1) "identity because the crime was of a commonplace variety which did not involve a signature trait"; (2) "intent because felon-in-possession is not a specific intent crime"; (3) "absence of mistake or accident"; and (4) "knowledge because the government did not need to establish that Rolle knew about a gun which was hidden or located

somewhere else; the government had officers testify that they saw Rolle with the gun."

The government responds that the evidence was admissible "for several purposes." Specifically, the government argues that the evidence was admissible to prove that Rolle knowingly possessed the gun, to rebut the defense theory that the officers falsely attributed the gun to Rolle, "rehabilitating the police officers following the defense's vigorous credibility attacks," and establishing motive.

We need not decide whether the district court erred in admitting the 404(b) evidence in this case because any potential evidentiary error was harmless. First, there was substantial evidence of Rolle's guilt. Arresting officers witnessed Rolle remove a firearm from his waistband and discard it before attempting to scale a fence. A firearm was recovered from precisely the area in which the detectives witnessed Rolle drop it.

Second, the jury was obviously already aware that Rolle had a criminal history because he was charged with "possession of a firearm by a convicted felon."

Finally, the district court gave extensive cautionary instructions to the jury regarding the "very limited" purpose of the 404(b) evidence. As such, the risk of

6

any harm from the admission of the evidence was greatly reduced.  See United States v. Martin, 794 F.2d 1531, 1533 n.4 (11th Cir. 1986).

For all the above reasons, we affirm the defendant's conviction for possession of a firearm by a convicted felon, in violation of § 922(g)(1).

AFFIRMED.