[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13651
Non-Argument Calendar

_____

D. C. Docket No. 05-00083-CR-DF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY JERMAINE NEELY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 8, 2007)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Tony Jermaine Neely appeals his convictions of possession with intent to

distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. Neely argues that the district court erroneously denied his motion to suppress evidence obtained after an investigatory stop of his automobile. We affirm.

On April 8, 2005, Detective Brian Hargrove saw Neely and Daren Saunders in a drug trafficking area. Saunders was known to Detective Hargrove as a narcotics dealer. After Saunders saw Hargrove, Saunders hastily entered a car, which sped away with Neely driving.

Hargrove decided to conduct an investigatory stop. During the stop, both men were sitting low in their seats and moving nervously. Saunders was unable to explain why he had fled. Neely had difficulty lighting a cigarette and repeatedly reached under his seat. The two men admitted that they were on probation and subject to search at any time as a condition of their probation. Detective Hargrove asked the men to exit the car, and he searched the inside of the car. Hargrove discovered a handgun under the driver's seat and arrested Neely. Police later searched Neely's person and found a bag of crack cocaine.

Neely was charged in a three-count indictment with possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Neely filed a motion

2

to suppress the drug and firearm evidence, which the district court denied after finding that the investigatory stop was based on reasonable suspicion. Neely then pleaded guilty to counts one and two, and the government agreed to dismiss count three. The district court imposed a sentence of imprisonment for 84 months for the drug offense and 60 months for the firearm offense, to be served consecutively.

We review the denial of a motion to suppress under a mixed standard of review. We review findings of fact for clear error and the application of the law to those facts de novo, and we construe the facts in the light most favorable to the government. United States v. Santa, 236 F.3d 662, 668 (11th Cir. 2000).

Neely argues that the district court erred when it denied the motion to suppress because Detective Hargrove lacked reasonable suspicion to conduct the investigatory stop. We disagree. Reasonable suspicion is more than an "'inchoate and unparticularized suspicion or "hunch,"'" but is "considerably less than proof of wrongdoing by a preponderance of the evidence" and less than probable cause, which is "'a fair probability that contraband or evidence of a crime will be found.'" United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883 (1968)).

A combination of objective factors established a reasonable suspicion. First, Neely and Saunders were in an area known for criminal activity. See Illinois v. Wardlow, 528 U.S. 119, 124, 120 S. Ct. 673, 676 (2000). Second, Saunders was a

known narcotics dealer.  See United States v. Cruz, 909 F.2d 422, 424 (11th Cir. 1989).  Third, Neely and Saunders fled without provocation when they saw Detective Hargrove.  See Wardlow, 528 U.S. at 124, 120 S. Ct. at 676.  Neely disputes that he or Saunders recognized Hargrove as a police officer, but we must infer from Detective Hargrove's testimony that Saunders saw and recognized his vehicle.

Detective Hargrove had a reasonable suspicion that justified the investigatory stop of the car in which Saunders was a passenger, and that reasonable suspicion persisted.  After questioning by Detective Hargrove, Saunders was unable to account for his actions, and after Neely repeatedly reached under his seat, Detective Hargrove reasonably believed that Neely was dangerous and might have gained immediate control of a weapon.  See Michigan v. Long, 463 U.S. 1032, 1049, 103 S. Ct. 3469, 3481 (1983).  Hargrove was entitled to search the vehicle to ensure his safety.  Even if this automobile exception did not apply, Neely's diminished expectation of privacy as a probationer subject to a search condition, along with the reasonable suspicion created by his flight, would render the search reasonable.  See United States v. Knights, 534 U.S. 112, 121, 122 S. Ct. 587, 593 (2001).

**AFFIRMED.**