CARAWAY, J.,
concurring.
hi concur with the majority’s ruling. However, I view this arrest and search as falling more appropriately within the analysis of Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) and its progeny. In a similar setting, this court sustained a motion to suppress in State v. Jackson, 459 So.2d 169 (La.App. 2d Cir.1984) citing Ybarra for the following principle:
A person may not be searched simply because he is present with others suspected of criminal activity or at a location where such activity is occurring.
From the surveillance video, as the first police vehicle is seen arriving in the parking lot near the entrance of Room 29, the defendant is clearly seen exiting Room 29 and therefore not associated with Room 31 to which the officers’ search warrant applied. Simultaneously, a private automobile had just driven into the apartment complex and parked almost directly in front of Room 29 only 25 seconds before the police vehicles are seen. One man in the vehicle had just exited and was standing beside the car, and the other was not fully out of the car as the officers are seen exiting their vehicle. Both men are immediately taken down and cuffed and then placed on the curb in front of Room 28 as the search of Room 31 began. A short time later, the defendant is also brought back to that location and left on the curb in handcuffs.
While defendant’s action in turning to his left toward Room 31 may be argued to have given rise to reasonable suspicion to justify a Terry stop, a turn to his right would have also apparently landed him in the same position on the curb in handcuffs. In any event, whether a Terry stop led to an improper arrest or a Ybarra violation occurred, I agree that the motion to suppress must be sustained.
APPLICATION FOR REHEARING
Before STEWART, CARAWAY, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
DREW, J., dissents from the denial of rehearing and assigns reasons.