[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 21, 2012
JOHN LEY
CLERK

No. 11-11965
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00035-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDCHASE CODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 21, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sandchase Cody appeals his convictions on two counts of possession with

intent to distribute a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1); and one count of possession with intent to distribute a detectable amount of cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On appeal, Cody argues that the district court abused its discretion by denying his motion for a mistrial. His motion for a mistrial asserted that the district court erred when it admitted an informant's testimony about the presence of a firearm during a drug sale. Cody also argues that the district court abused its discretion by admitting photographs of him holding a firearm.

We review a district court's denial of a motion for a mistrial for abuse of discretion. United States v. Ramirez, 426 F.3d 1344, 1353 (11th Cir. 2005). We also review evidentiary rulings for abuse of discretion. United States v. Ramsdale, 61 F.3d 825, 829 (11th Cir. 1995).

## I.

Federal Rule of Evidence 404(b) limits the extent to which evidence of a defendant's prior crimes or wrongful acts may be admitted at trial. United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007). The limitations of Rule 404(b) apply to evidence of conduct which is "extrinsic" to the crime charged, but not to

evidence of criminal or wrongful behavior that (1) arose out of the same transaction or series of transactions as the charged offense; (2) is necessary to complete the story of the crime; or (3) is "inextricably intertwined" with the charged offense. Id. If evidence is not extrinsic under Rule 404(b), then notice is not required. United States v. Leavitt, 878 F.2d 1329, 1339 (11th Cir. 1989).

Here, an informant testified at trial that one time when he bought cocaine from Cody, he saw "a gun laying on the TV." Cody argues that this evidence was subject to the notice requirement of Rule 404(b). This argument fails. Our precedent recognizes that weapons are "tools of the trade in drug trafficking." United States v. Martin, 794 F.2d 1531, 1533 (11th Cir. 1986) (quotation marks omitted); see also United States v. Thomas, 242 F.3d 1028, 1032 (11th Cir. 2001). Thus, we have held that under Rule 404(b), evidence of weapons at the site of a drug operation is "not extrinsic evidence" of a drug offense. Martin, 794 F.2d at 1533. The government was not required to give notice of its intent to elicit the testimony that Cody challenges. Leavitt, 878 F.2d at 1339.

## II.

Cody also appears to argue that the testimony regarding the presence of a gun should have been excluded as unduly prejudicial under Rule 403. We reject this argument as well. We have observed that exclusion under Rule 403 is "an

extraordinary remedy, which should be used only sparingly," and that the balance "should be struck in favor of admissibility." Edouard, 485 F.3d at 1344 n.8 (quotation marks omitted). Weapons at the site of a drug sale are probative of a defendant's intent to commit a drug offense. See, e.g., United States v. Lippner, 676 F.2d 456, 463 (11th Cir. 1982). We conclude that the probative value of this evidence is not substantially outweighed by the risk of unfair prejudice, especially where, as here, the district court provided a limiting instruction. See id.

Cody also argues that photographs of him holding a firearm should have been excluded under Rule 403. This argument similarly lacks merit. There was evidence that the firearm depicted in the photographs was capable of firing the ammunition that the government alleged Cody knowingly possessed in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The photographs were thus probative of Cody's state of mind. Given that the balance under Rule 403 "should be struck in favor of admissibility," Edouard, 485 F.3d at 1344 n.8, we see no error in the district court's decision to admit the photographs into evidence.

**AFFIRMED.**